## WOO FOO WONG v. WIXON.

### No. 9629.

### Circuit Court of Appeals, Ninth Circuit.

### Feb. 14, 1941.

Walter F. Lynch, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., Robert B. McMillan and Louis R. Mercado, Asst. U. S. Attys., all of San Francisco, Cal. (A. J. Phelan, of San Francisco, Cal., U. S. Immigration and Naturalization Service, on the brief), for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The appeal is from an order denying a petition for a writ of habeas corpus.

Claiming to be the son of a native-born citizen, appellant, a Chinese, applied for admission at the port of San Francisco. To the immigrant inspector who met him on board ship he presented an affidavit, executed by the alleged father, stating that appellant was his son. Apparently not being satisfied that appellant was "clearly and beyond a doubt entitled to land" the inspector ordered his temporary removal to the immigration station for examination by a Board of Special Inquiry. The Board, after a hearing, found that appellant had not proved the relationship alleged and ordered his exclusion. An appeal was made to the Secretary of Labor, and on recommendation of the Board of Review the appeal was dismissed and appellant held for deportation.

The sole contention here relates to what is claimed to be faulty procedure leading up to the exclusion order. It is said that the statute requires "a preliminary examination" in addition to the usual inspection aboard ship, and that such an examination is a condition precedent to the jurisdiction of the Board of Special Inquiry. The point was not made during the progress of the proceeding before the immigration authorities, although that was the time and place to complain if appellant felt he had been in any way prejudiced. Kaoru Yamataya v. Fisher, 189 U.S. 86, 23 S.Ct. 611, 47 L.Ed. 721.

In any event the point has no merit. The Immigration Act of 1917, § 15, pro-

vides, in part, that "Upon the arrival at a port of the United States of any vessel bringing aliens it shall be the duty of the proper immigration officials to go or send competent assistants to the vessel and there inspect all such aliens, or said immigration officials may order a temporary removal of such aliens for examination at a designated time or place, but such temporary removal shall not be considered a landing * * *." It is provided by § 16 that "every alien who may not appear to the examining immigrant inspector at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for examination in relation thereto by a board of special inquiry." And § 17 provides that the Board of Special Inquiry "shall have authority to determine whether an alien who has been duly held shall be allowed to land or shall be deported." 8 U.S.C.A. §§ 151, 152, 153.

We see nothing wrong with the procedure followed here. The immigration authorities pursued the course outlined by the statute.

Affirmed.